MEMORANDUM **
Several landowners appeal from the district court’s grant of summary judgment to Swalley Irrigation District. The facts are known to the parties and need not be repeated here, except as necessary to explain our decision.[1]
The court is satisfied that with respect to both the land subject to the Act of *997 March 3, 1891, 43 U.S.C. § 946, and the so-called “Section Sixteen” land, Swalley’s right of way is not limited to the construction of open canals or ditches. See 43 U.S.C. § 951; Jones v. Edwards, 219 Or. 429, 347 P.2d 846, 848 (1959); Kell v. Oppenlander, 154 Or.App. 422, 961 P.2d 861, 864 (1998) (quoting Bernards v. Link, 199 Or. 579, 248 P.2d 341, 349 (1952)); Restatement (Third) of Prop.: Servitudes § 4.10 (2000). Accordingly, the conversion of the existing canal into a pressurized pipeline is permissible so long as it does not increase the burden on the landowners’ property.
Here, the landowners have not presented evidence establishing that their property will be devalued by the proposed conversion. See FTC v. Publ’g Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir.1997). The pipeline will not extend beyond Swalley’s existing right of way. Removal of any aesthetic benefits provided by the open canal merely eliminates an incidental benefit provided by Swalley’s use of the easement; such action does not place an additional burden on the landowners’ property.
Accordingly, the judgment of the district court is
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Though the pipeline may be installed by the time this case is submitted, Swalley’s request for declaratory judgment is not moot. There is still an "occasion for meaningful relief” insofar as affirmance of the district court's judgment shields Swalley from any future *997 claims for relief. Gator.com Corp. v. L.L. Bean, Inc., 398 F.3d 1125, 1129 (9th Cir.2005) (en banc) (internal quotation marks and citation omitted).